UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
2012 SEP 14  PM 2:42
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

SKOT DAVID WILSON, §
Plaintiff §
§
VS: § Case No. 3:12-CV-1020-J-34TEM
§
AURORA LOAN SERVICES, LLC, §
ETHAN W. GREGORY, OR §
ITS PREDECESSOR IN INTEREST §
Defendant §

## COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF

1. Defendants foreclosed on the home that Plaintiff Skot David Wilson rented. Plaintiff Wilson had a valid and current lease to the home at the time of the foreclosure, but Defendants sought to evict Plaintiff Wilson in flagrant violation of the lease, Florida State statute and federal law. By this lawsuit, Plaintiff Wilson seeks damages,

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

4. The Court has jurisdiction to enforce provisions of the Protecting Tenants at Foreclosure Act of 2009 and subsequent revisions to that law, and to insure those protections are met.

### PARTIES

5. Skot David Wilson is a resident of Duval County, Florida, and resides at: 520 Jackson Avenue North, Jacksonville, Florida 32220, with his family consisting of Judith Ann Wilson, wife, and Alexander Orion Wilson, a minor child, son.

6. Aurora Loan Services, LLC, 10350 Park Meadows Dr., Littleton, Colorado 80124 is a mortgage lending company which does business nationally and in the State of Florida

7. Ethan W. Gregory, a legal representative of Aurora Loan Services, LLC, who is an employee of First Coast Realty Associates, 3030 Powers Ave. #101-2, Jacksonville, FL 32207

## FACTS

8. The Protecting Tenants at Foreclosure Act of 2009 ("PTAF"), requires the purchaser of residential property at a foreclosure sale to honor bona fide leases existing prior to the sale. Pub. L. No. 111-22, § 702 (May 20, 2009), *codified at* 12 U.S.C. 5220 note. The PTAF also requires the purchaser of residential property at a foreclosure sale to give bona fide tenants ninety days' notice to vacate. *Id.* at § 702(a)(1).

9. The Defendant knowingly and willfully misrepresented facts in obtaining a Writ of Possession, which violate the protections and provisions of the Protecting Tenants at Foreclosure Act.

10. A Writ of Possession dated 12 September and 24 hour notice of eviction served on 13 September 2012 with the Writ of Possession create urgency because execution of the Writ before appeals may be heard will cause irrevocable and permanent harm to the Plaintiff and his family.

11. Plaintiff Wilson reserves the right to add to and amend this Complaint, and is forced, due to the urgency of the pending execution of the illegal Writ of Possession, focus of presenting to the Court an initial filing and to seek a Stay of the Writ of Possession pending the outcome of appeals and/or removal to the federal venue. Wilson asserts that the state courts may not be properly considering or enforcing the provisions of the Protecting Tenants at Foreclosure Act and further asserts that Plaintiff has not had an opportunity to be heard, and that he is entitled to quiet enjoyment of his lease which was created with Diana G. Henderson, who the Defendant properly foreclosed upon and who inherited the lease as successor-in-interest.

12. That Diana G. Henderson entered into an arrangement with the Plaintiff on August 19th., 2011 signing a lease for a three year term in the presence of two witnesses, Carlo Pena Tenchavez and Zoe

Ann Alison. This lease originated when Henderson contacted the Plaintiff to arrange for services to repair damage left by vandals which included holes in walls, paint splatter on walls, broken windows and fixtures, missing and damaged doors, and the need to repaint the entire structure inside and out. The Plaintiff quoted Henderson an estimate in excess of $3,000.00, but in conversation the question of the Plaintiff renting the subject property lead to a negotiation on 17 August 2011 with a tentative lease with annotations and notes being signed and a formal final lease with revisions, corrections, and agreed to stipulations being signed in the presence of witnesses on 19 August 2011. The final lease took into consideration work to be performed in lei of rent valued in consideration of rent at approximately $85.00 per month. The value of the rent when all repairs were made was considered to be $625.00 per month.

13. The Defendant, subsequent to the signing of the lease, foreclosed upon Diana G. Henderson between October 2011 and January 2012. The Defendant notified the Plaintiff with a 90 day notice shortly thereafter and within proper time the Plaintiff responded with a copy of the lease. The Plaintiff was shortly thereafter visited by Ethan W. Gregory who identified himself as a representative of the Defendant, and made cash-for-keys offers. The Plaintiff could not find the hard copy of the final lease, and Ethan W. Gregory insisted and demanded to see a lease. Not having access to computer files but having access to online email, the Plaintiff sent the draft copy of the lease, which was saved in his Yahoo email account, to Gregory, and later a photographed signed copy of the draft lease signed 17 August to provide proof, which was denied by Gregory, to show there was, in fact, a lease. Later, when found, the Plaintiff also sent to formal final lease sent 19 August which incorporated the revisions and stipulations made on the 17th. When the lease was signed, Henderson was in negotiations with Aurora to refinance and was under the impression because of her communications with Aurora that she would be getting a refinanced loan and would be keeping the house. Henderson expressed to the Plaintiff that she wanted someone she knew would fix up and maintain the property and the Plaintiff wanted a long term lease for stability on residence.

14. Ethan W. Gregory refused to provide to Plaintiff any information, even upon multiple requests, as where to send rent, who was responsible for property maintenance and repairs, and instead badgered Plaintiff to take the cash-for-keys offers, stating in front of a witness that if Plaintiff did not that he would be evicted anyway even if Plaintiff did have a valid lease, that Plaintiff and he did not recognize the lease and would not, would not take payments, nor make any repairs. These events occurred through several visits to the property by Ethan W. Gregory in February and March, and Plaintiff believes in late April or early May. Plaintiff has attached copies of emailed cash-for keys offers. Gregory also stated that the Defendant didn't care about the Protecting Tenants at Foreclosure Act, the Plaintiff's rights, the lease, or anything, and insisted the lease was not a valid lease, was not legal, and at one point that he didn't even believe Henderson knew about the lease and called the Plaintiff a "squatter" in front of a witness (Carlo Tenchavez).

15. The Defendant 'a attorney, Albertelli Law, was also properly noticed as to the lease, the validity of the lease and agreement, with demands as to where to forward and remit rent, who/whom to contact regarding property maintenance and repairs, and the like and Albertelli Law did not respond or cooperate.

16. When rent was due Plaintiff remitted rent in the form of Postal Money Orders to Aurora Loan Services at the address given for them above, which was and is the address listed with the property appraiser on the deed. Included with rent remission were letters addressing the aforementioned concerns for repairs, remission of rent, and a copy of the lease was also included. Two Postal money orders in the amount of $240.00 were sent in early March and early April of 2012, Money Order numbers 19426427763 and 19426465855 from the Murray Hill Station Post Office 32205. The first one was returned in a letter from Aurora dated 14 March 2012 addressed to Diana G. Henderson (see attachments). This first remission of rent and Plaintiff's letter to Aurora dated 3 March 2012 was also copied and filed with the Duval Court Clerk in this case along with and at the same time as the Notice of Tenancy. The second was responded to with another letter stating the payment was being returned

but the money order was absent from the envelope. In May another remission of rent was sent but no reply was made, no acknowledgment, and no response. It was shortly after that that Ethan W. Gregory visited the property and explicitly instructed the Plaintiff not to send any more rent, that there was no where to send it to and anywhere rent was sent it would be returned. The Defendant expressed to the Duval Court that the Plaintiff has not submitted rent, but proof exists and is in record that shows otherwise, and the 15 minute scheduled duration for the hearing would not allow enough time for the lower court to properly review the file and Plaintiffs pleadings. The Defendant also misrepresented fair market value and the condition of the property, and the maker of the Affidavit, Ethan W. Gregory, is an employee of Aurora and may have a bias to remove Plaintiff from property because as property management contractee for Aurora his employer may not be compensated if Aurora had to fulfill its obligations as successor-in-interest of the lease.

17. The Defendant filed for a Writ of Possession but did not properly notice Plaintiff. In Defendant's Motion for Writ of Possession there is a date of 4 May 2012 crossed out and replaced with 13th June, but this did not come to Plaintiff by U.S. Mail until 19 June 2012 leaving nine days from receipt of mailing to the date of the hearing for Writ of Possession. The Defendant has serious inconsistencies with dates of filings of actions and in making proper and actual service. Upon mailing of the Writ of Possession Plaintiff made motion to Stay the Writ of Possession which was granted, and Defendant subsequently set and scheduled a hearing on the Writ dated 25 July, but this was not received by Plaintiff in a timely manner and not according to Florida law. The Plaintiff was also noticed with an Affidavit of Fair Market Rent, but not the Affidavit itself, less than two days prior to the hearing which was scheduled and held on 16 August 2012. Due to the short amount of time from receipt of notice of hearing and medical complications spelled and addressed in filings and attachments, Plaintiff filed for a postponement for the hearing. At the hearing the Defendant excluded information and facts and misrepresented others to the Duval Court which granted the Writ. The Court has also denied requests for reconsideration or hearings to address matters which may be in conflict with Florida Rules of Court

and Florida and federal law. These filings, motions, and pleading are attached.

18. A Writ of Possession was issued on 12 September 2012 and serviced 13 September 2012 at 520 Jackson Avenue North.

19. That Plaintiff if forced, due to the urgency of the impending execution of the Writ of Possession through 24 hour eviction, limit his initial filing to a presentation of his lease, which meets all the criteria of the Protecting Tenants at Foreclosure Act of 2009. Plaintiff noted that Defendant considers, by their own admission to consider $700 to $800 to be of "fair market value". Plaintiff states that the subject property has poor quality water, high in iron and barely potable, a defective septic system, a leaking rook, broken fixtures, walls with holes, an no outside unit to the central heat and air whereby there is no heat or air conditioning, and that the agreed to value of rent between Diana G. Henderson and Skot David Wilson equated rent to be worth $240.00 per month, with $100.00 per month increments for repairs to the water and septic, roof, and central unit bringing rent to $540.00 per month, and further calculating repairs to be done by Plaintiff which were valued and quoted in excess of $3,000.00 to be worth about $85.00 per month, bringing rent to a value of $625 per month when the subject property was repaired. $625.00 per month is NOT substantially lower than fair market value, which by federal court rulings must clearly exceed a 2/3rds threshold or more.

20. That Plaintiff has filed an Appeal with the Duval Court Clerk in this case on 13 September 2012 along with a Motion to Stay the Writ of Possession, which would force eviction, until the case can be heard, and has funds secured and is and has been awaiting instructions where and how to remit rent

21. That Plaintiff will amend his complaint to include other facts and acts by Defendant which are illegal and or fraudulent some of which are part of and can be proven by existing records.

22. That enforcement of the Writ of Possession would cause irrevocable, irreversible and permanent harm to Plaintiff and his family and has, is, and will cause emotional, psychological and material harm to Plaintiff and his family.

## CAUSES OF ACTION

23. Plaintiffs allege each and every fact and allegation set forth above as if fully setforth here

24. Defendants engaged in false, misleading, or deceptive acts and practices and an unconscionable course of action actionable under Florida and federal law. While aware of the mandates of federal law, Defendants knowingly and intentionally instruct its agents to mislead, misrepresent and place barriers where none exist to prevent bona fide tenants like Plaintiff Wilson from exercising their rights under the Protecting Tenants at Foreclosure Act of 2009.

25. Defendants representative Ethan W. Gregory misrepresented to Plaintiff Wilson facts concerning his rights under the PTAF. Defendants misrepresented to Plaintiff Wilson that under the PTAF a bona fide tenant was only entitled to ninety days' notice to vacate. Defendant through Ethan W. Gregory gave Plaintiff Davis ninety days' notice to vacate, stated to Plaintiff that his lease was not valid, refused to allow payment of rent and refused information to Wilson in violation of Florida tenant-Landlord statutes, even though Plaintiff Wilson was entitled to remain at his home through the end of his lease term. Defendants misrepresented to Plaintiff that under the PTAF Plaintiff may be entitled to remain in his home under the terms of a lease that existed prior to the foreclosure sale. Defendants misrepresented to Plaintiff Wilson that to qualify for the rights and protections of the PTAF Plaintiff must provide Defendants with specific documentation regarding his tenancy upon Defendants' demands for that documentation.

26. Defendants failed to inform Plaintiff Wilson of the adverse consequences for Plaintiff if Defendants obtained an eviction judgment against Plaintiff Wilson. Defendants misrepresented to Plaintiff Wilson that Defendants' representatives were entitled to enter the grounds of the home, contrary to the lease. Defendants' counsel omitted to inform Plaintiff Wilson that Defendants' interests were adverse to Plaintiff Wilson's and that Plaintiff Wilson should consult his own attorney. Defendants made these

misrepresentations and omissions, along with threats and demands Wilson accept cash-for-keys offers to Plaintiff Wilson to induce Plaintiff Wilson to abandon his rights under the PTAF and vacate his home before the end of the lease term, accept lease terms that differed from those in the lease and mislead the courts to evict Plaintiff.

27. Defendants failed to comply with the terms of the lease by entering the grounds of Plaintiff's home without his permission.

28. Defendant Ethan W. Gregory misrepresented to Plaintiff Davis that under the PTAF a bona fide tenant was not entitled to 90 days' notice to vacate. Defendant Gregory misrepresented that it may sue Plaintiff Davis for possession and damages if he did not vacate by June of 2012.

29. Defendant filed an eviction suit to obtain possession of the home before Defendants were entitled to possession under the PTAF. In its petition, Defendant misrepresented that it was entitled to possession of the home through deception and misrepresentation of facts, and denial of Plaintiff's rights to due process by knowingly or intentionally sending mailings late and not properly servicing filed court papers to Plaintiff, despite Plaintiff Wilson's rights under the PTAF.

30. Defendants refuse to comply with the PTAF, honor Plaintiff Wilson's lease and change its letters, practices and policies to comply with the PTAF.

31. Defendants engaged in a practice which, to a consumer's detriment, takes advantage of the consumer's lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

32. By repeatedly and systematically misrepresenting Plaintiff Wilson's rights and obligation under the PTAF, Defendants misrepresented the characteristics of Plaintiff Wilson's lease in violation of the PTFA and Florida statutes.

33. By misrepresenting Defendants' right to possession by making false statements, providing false or misleading information, making omissions and not disclosing key facts, Defendant fraudulently obtained a Writ of Possession in contradiction to the PTFA.

34. Fair Market Rent for subject property is between $500 and $800 for comparable properties that have working heat and air conditioning systems, quality and properly working wells and water systems, working septic systems, roofs that do not leak, walls without holes and paint splatter and unbroken fixtures, windows, and doors. Plaintiff has attempted to arrange repairs and Defendant has ignored their responsibilities under Florida Landlord/Tenant laws and statutes. Defendant misrepresented that Plaintiff failed to pay rent and kept or collected rent twice, and had rent remitted three times by Plaintiff, and knowingly and with intent attempted Plaintiff's attempts to pay rent or arrange repairs. The actual value of services and rent in the lease which the Defendant is successor-in-interest in is valued at $625/month once repairs are completed as stipulated in the lease, which is at fair market value and at a minimum is not substantially less than fair market value.

35. Defendants' conduct was committed intentionally and knowingly.

36. Defendants' misleading representations and practices have caused Plaintiff Wilson to incur expenses. Plaintiff spent time and money to meet Defendants' demands. The cost of Plaintiff moving in haste would place an undue burden upon Plaintiff and be costly, and also divert Plaintiff from his studies at college where he is enrolled.

37. Defendants' misleading representations and practices have disrupted Plaintiff Wilson's life, affecting his sleep and interactions with his family. Because of Defendants' actions Plaintiff ceased sleeping regularly, became anxious and irritable and frequently lost his temper with his family. Plaintiff Wilson is seeking medical treatment for his condition following Defendants' conduct.

38. Plaintiffs are entitled to relief pursuant to Sections 17.50(a)(1) and 17.50(a)(3) of the Texas Business and Commerce Code for the above described violations of the DTPA.

39. Plaintiff Wilson requests that this Court grant him treble economic and mental anguish damages, as well as costs, interest and attorney's fees is an attorney is hired. Plaintiffs also requests that this Court grant Plaintiffs' declaratory relief and issue an injunction to prevent future violations pursuant to Florida statute and the PTFA.

40. Plaintiff Wilson requests that this Court grant him an injunction against Defendant from exercising the Writ of Possession, Stay The Defendant's Writ of Possession pending appeal, direct the Duval County to issue the requested Stay pending all appeals have been exhausted

## REQUEST FOR RELIEF

41. Plaintiffs respectfully request that this Court grant the following initial relief:

   a. Plaintiff seeks initial relief in the form of an injunction halting the execution of the Writ of Possession and subsequent eviction of the Plaintiff and his family from their home, or

   b. an Order directing the Duval Court to Stay the Writ of Possession until appeals are exhausted.

   c. Plaintiff will present a more complete and amended request for relief in a subsequent filing and asks to Honorable Court to consider the urgency of this filing and the Writ of Possession which violates federal law.

42. Plaintiffs respectfully request that this Court grant the following relief:

   a. A declaratory judgment that Defendants' practices, policies and conduct misrepresent and violate the rights of bona fide tenants under the PTAF;

   b. A permanent injunction that prohibits Defendants from misrepresenting to persons residing in homes that Defendants have obtained through foreclosure sales that the PTFA does not require Defendants to comply with the leases of bona fide tenants in effect at the time of the foreclosure sale, that a bona fide tenant must always vacate after receiving ninety days' notice to vacate or that a bona fide tenant is not entitled to ninety days' notice to vacate;

   c. A permanent injunction that prohibits Defendants from misrepresenting by omission to persons residing in homes that Defendants have obtained through foreclosure sales that bona fide tenants may not be entitled to remain in the home through the original lease, to ninety days' notice to vacate and to the rights and protections afforded by the PTFA;

   d. A permanent injunction to prohibit, prevent and deter future violations;

e. Award Plaintiff damages–actual, statutory and punitive, against Defendants, including treble damages pursuant to Florida statutes and federal law.

f. Award Plaintiffs pre-judgment and post-judgment interest at the maximum legal rate;

g. Award Plaintiffs costs of court and costs of litigation;

h. Award Plaintiffs their reasonable attorney's fees if and when an attorney is retained; and,

i. Direct the Civil and Civil Circuit Court in Duval County to instruct judges as to the rules and standards concerning the PTFA and the rights of persons claiming those rights.

j. Require a minimum of 30 days from the issuance of a Writ of Possession and the posting thereof until actual forced eviction under the Writ to allow residents who have claimed rights under the PTFA time to secure new housing and accommodations, limiting this requirement to persons who have cited and sought their rights under the PTFA to insure irrevocable harm does not remove them from their home until they have had an opportunity to appeal or move.

k. Grant such other and further relief, general and special, legal and equitable, to which Plaintiffs may be entitled.

Respectfully Submitted,

Skot Wilson

520 Jackson Avenue North
Jacksonville, Florida 32220
(904) 781-8635

I hereby attest that I mailed a copy of this to Albertelli Law, PO Box 23028, Tampa< Florida 33623 this 14th day of September, 2012.

Skot David Wilson

# EXHIBITS NOT SCANNED

# FILED SEPARATELY